**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Southern_____ District of ____Texas____
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Linc USA GP

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   4  6 _ 1  0  2  5  2  3  4

4. **Debtor's address**

   **Principal place of business**

   | 1829 | East Winfree Road |
   |------|-------------------|
   | Number | Street |

   | Baytown | TX | 77523 |
   |---------|-----|-------|
   | City | State | ZIP Code |

   Harris
   County

   **Mailing address, if different from principal place of business**

   Number    Street

   P.O. Box

   City              State       ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number    Street

   City              State       ZIP Code

5. **Debtor's website** (URL)

   lincenergy.com

6. **Type of debtor**

   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☑ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

Debtor     Linc USA GP                                     Case number (if known)_____
                Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

2   1   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____ When _____ Case number _____
                                                                MM / DD / YYYY

            District _____ When _____ Case number _____
                                                                MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Schedule 1                          Relationship _____

            District _____ When _____
                                                                                  MM / DD / YYYY

            Case number, if known _____

Debtor   Linc USA GP
_____
Name

Case number (*if known*)_____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number          Street

_____

_____
City                                          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| Statistical and administrative information |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☑ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor        Linc USA GP
              _____          Case number (if known) _____
              Name

**16. Estimated liabilities**

- [ ] $0-$50,000
- [ ] $50,001-$100,000
- [ ] $100,001-$500,000
- [ ] $500,001-$1 million

- [ ] $1,000,001-$10 million
- [ ] $10,000,001-$50 million
- [ ] $50,000,001-$100 million
- [x] $100,000,001-$500 million

- [ ] $500,000,001-$1 billion
- [ ] $1,000,000,001-$10 billion
- [ ] $10,000,000,001-$50 billion
- [ ] More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05 / 11 / 2016
              MM  / DD / YYYY

✗  _H. Maff_____          Michael Mapp
   Signature of authorized representative of debtor          Printed name

Title  President
       _____

**18. Signature of attorney**

✗  _Jason G. Cohen_____          Date  5 / 17 / 2016
   Signature of attorney for debtor                MM  / DD / YYYY

Jason G. Cohen
Printed name
Bracewell LLP
Firm name
711         Louisiana Street, Suite 2300
Number      Street
Houston                                    TX          77002
City                                       State       ZIP Code

(713) 223-2300                             jason.cohen@bracewelllaw.com
Contact phone                              Email address

24050435                                   TX
Bar number                                 State

SCHEDULE 1

Bankruptcy Cases Filed by the Debtor and Its Affiliates

As of the date of this filing, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Linc USA GP.

- Diasu Holdings, LLC
- Diasu Oil & Gas Company, Inc.
- Linc Alaska Resources, LLC
- Linc Energy Finance (USA), Inc.
- Linc Energy Operations, Inc.
- Linc Energy Petroleum (Louisiana), LLC
- Linc Energy Petroleum (Wyoming), Inc.
- Linc Energy Resources, Inc.
- Linc Gulf Coast Petroleum, Inc.
- Linc USA GP
- Paen Insula Holdings, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LINC USA GP**, *et al.* [1] | ) | **Case No. [          ] (   )** |
| | ) | |
| Debtors. | ) | **(Joint Administration Requested)** |

### CORPORATE OWNERSHIP STATEMENT OF LINC USA GP

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of Linc Gulf Coast Petroleum, Inc.'s equity interests:

| Shareholder |
|---|
| Linc Energy GP1 Pty Ltd |
| Linc Energy GP2 Pty Ltd |
| Linc Energy Ltd |

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINC USA GP, *et al.* [1] | ) | Case No. [          ] ( ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## DECLARATION CONCERNING CORPORATE
## OWNERSHIP STATEMENT OF LINC USA GP

I, Jude Rolfes, Vice President of Corporate Development of Linc USA GP, one of the above-captioned debtors and debtors in possession, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Corporate Ownership Statement of Linc USA GP* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: _____ May 23 , 2016

_____
Jude Rolfes
Vice President of Corporate Development of
Linc Gulf Coast Petroleum, Inc.

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

#5132132.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINC USA GP, *et al.* [1] | ) | Case No. [          ] ( ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

### LIST OF EQUITY SECURITY HOLDERS OF LINC USA GP

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the following is a list of the debtor's equity security holders of each class showing the number and kind of interest:

| Equity Holder | Address of Equity Holder | Number of Shares or Units Held / Percentage of Equity Held |
|---|---|---|
| Linc Energy GP1 Pty Ltd. | Smellie & Co Building<br>32 Edward Street<br>Brisbane QLD Australia 4000<br>GPO Box 1315<br>Brisbane QLD Australia 4001 | 99% |
| Linc Energy GP2 Pty Ltd. | Smellie & Co Building<br>32 Edward Street<br>Brisbane QLD Australia 4000<br>GPO Box 1315<br>Brisbane QLD Australia 4001 | 1% |

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **LINC USA GP,** *et al.* [1] | ) | **Case No. [          ] (    )** |
| | ) | |
| Debtors. | ) | **(Joint Administration Requested)** |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately April 1, 2016. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

**Fill in this information to identify the case:**

Debtor name    Linc USA GP

United States Bankruptcy Court for the:    Southern    District of    Texas
                                                                    (State)

Case number (if known):

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PREMIUM OILFIELD SERVICES, LLC PO BOX 203763 DALLAS, TX 75320 | P: 337-857-5788 mark.faulk@premiumofs.com | Vendor | Disputed | $383,108 | $0.00 | $383,108 |
| 2 | CRAIN BROTHERS, INC. 300 RITA DRIVE BELL CITY, LA 70630 | P: 337-905-2411 carl@crainbrothers.com | Vendor | | | | $346,367 |
| 3 | SWAT, INC. P.O. BOX 1299 WINNIE, TX 77665 | P: 409-296-4983 kdanforth@swatconstruction.com | Vendor | | | | $241,277 |
| 4 | CDM RESOURCE MANAGEMENT, LLC 2001 BRYAN STREET SUITE 3700 DALLAS, TX 75201 | P: 214-750-1771 rex.kutzer@cdmrm.com | Vendor | | | | $226,350 |
| 5 | TANNER SERVICES, LLC P.O. BOX 1434 EUNICE, LA 70535 | P: 337-432-5416 nolan@tannerservices.com | Vendor | | | | $197,881 |
| 6 | WOOD GROUP PRODUCTION AND CONSULTING SERVICES PO BOX 301415 DALLAS, TX 75303 | P: 713-984-1000 cat.romeo@woodgroup.com | Vendor | | | | $190,600 |
| 7 | AAA WELL SERVICE LLC P.O. BOX 33 MILLSAP, TX 76066 | P: 940-682-9200 edyf@isramco-jay.com | Vendor | | | | $190,001 |
| 8 | WOOD GROUP PRODUCTION SERVICES PO BOX 301415 DALLAS, TX 75303 | P: 713-984-1000 tommie.reasoner@woodgroup.com | Vendor | | | | $170,869 |

Debtor  Linc USA GP

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | PRO FIELD SERVICES, INC. P.O. BOX 525 HALLETTSVILLE, TX 77964 | P: 361-798-5540 | Vendor | | | | $166,593 |
| 10 | ERNST & YOUNG LLP PNC BANK C/O ERNST & YOUNG US LLP 3712 SOLUTIONS CENTER CHICAGO, IL 60677 | steven.noteboom@ey.com | Accounting Services | | | | $163,483 |
| 11 | WARRIOR ENERGY SERVICES CORP DEPARTMENT 2114 P O BOX 122114 DALLAS, TX 75312 | P: 337-714-4545 tevans@bwwc.com | Vendor | Disputed | $158,373 | $0.00 | $158,373 |
| 12 | NEW TECH GLOBAL VENTURES LLC PO BOX 4724 MSC 800 HOUSTON, TX 77210 | P: 281-951-4330 ibuechner@ntglobal.com | Vendor | Disputed | $122,384 | $0.00 | $122,384 |
| 13 | GOLDER ASSOCIATES INC 2121 ABBOTT RD SUITE 100 ANCHORAGE, AK 99507 | P: 907-344-6001 susan_wilson@golder.com | Vendor | | | | $105,370 |
| 14 | ARD WELL SERVICE, LLC 17168 FRAZIER DR BATSON, TX 77519 | P: 936-262-8461 ardwellservice@yahoo.com | Vendor | | | | $92,483 |
| 15 | CROWELL & MORING LLP PO BOX 75509 BALTIMORE, MD 21275 | jtipton@crowell.com | Legal Fees | | | | $89,169 |
| 16 | PREMIERE INC PO BOX 4585 HOUSTON, TX 77210 | P: 800-551-3140 butchabshire@premiereinc.com | Vendor | | | | $81,676 |
| 17 | NATURAL GAS COMPRESSION SYSTEMS, INC. 2480 AERO PARK DR. TRAVERSE CITY, MI 49686 | P: 231-941-0107 bcoaster@ngcsi.com | Vendor | | | | $81,045 |
| 18 | PENINSULA MARINE INC PO BOX 501 PORT BOLIVAR, TX 77650 | P: 409-684-2396 wayne@peninsulamarine.com | Vendor | | | | $80,336 |
| 19 | UNIVERSAL WELLHEAD SERVICES, LLC 5729 LEOPARD ST. BUILDING 9 CORPUS CHRISTI, TX 78408 | P: 361-299-1100 andyheater@universalwellhead.com | Vendor | | | | $76,363 |
| 20 | SMART OILFIELD SERVICES INC PO BOX 3002 LIBERTY, TX 77575 | P: 936-336-3768 | Vendor | | | | $68,814 |

Debtor   Linc USA GP

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | FRANCIS DRILLING FLUIDS LTD PO BOX 677438 DALLAS, TX 75267 | P: 800-252-3104 | Vendor | | | | $65,743 |
| 22 | KNIGHT OIL TOOLS, INC P O BOX 53883 LAFAYETTE, LA 70505 | | Vendor | | | | $61,477 |
| 23 | TRAVIS/PETERSON ENVIRONMENTAL CONSULTING, INC 3305 ARTIC BLVD SUITE 102 ANCHORAGE, AK 99503 | P: 907-522-4337 mtravis@tpeci.com | Vendor | | | | $61,040 |
| 24 | SUPERIOR SLICKLINE SERVICES DEPARTMENT 2114, P.O. BOX 122114 DALLAS, TX 75312 | P: 281-388-0992 ralaniz@bwwc.com | Vendor | | | | $60,744 |
| 25 | CARDINAL COIL TUBING PO BOX 12140 NEW IBERIA, LA 70562 | nmiller@cardinalsvc.com | Vendor | | | | $58,453 |
| 26 | TREND SERVICES PO BOX 747 BROUSSARD, LA 70518 | mhardy@tcinc.cc | Vendor | | | | $52,286 |
| 27 | LEGGETTE BRASHEARS & GRAHAM, INC. 4 RESEARCH DRIVE STE 204 SHELTON, CT 06484 | | Vendor | | | | $50,230 |
| 28 | PCS FERGUSON, INC. 3771 EUREKA WAY FREDERICK, CO 80516 | linda.maguire@doverals.com | Vendor | | | | $49,679 |
| 29 | SHIVERS ENTERPRISES, INC. PO BOX 357 HULL, TX 77564 | robinw@sivers-enterprises.com | Vendor | | | | $48,202 |
| 30 | DRILL LABS CORPORATION 915 TALBOT AVENUE THIBODEAUX, LA 70301 | gailbyrd@drilllabs.com | Vendor | | | | $41,883 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **LINC USA GP, *et al.* [1].** | ) | **Case No. [          ] (     )** |
| | ) | |
| **Debtors.** | ) | **(Joint Administration Requested)** |

## DECLARATION CONCERNING CONSOLIDATED LIST
## OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

I, Jude Rolfes, Vice President of Corporate Development of Linc USA, GP, one of the above-captioned debtors and debtors in possession, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Consolidated List of Creditors Holding the 30 Largest Unsecured Claims* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: _____ May 23, 2016

_____
Jude Rolfes
Vice President of Corporate Development of
Linc USA, GP

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

# UNANIMOUS WRITTEN CONSENT

## OF THE

## BOARD OF DIRECTORS

## OF

## LINC USA GP

The undersigned, being all of the members of the board of directors of Linc USA GP, a Texas general partnership (the "Company"), and, being entitled to vote upon the approval of the resolutions attached hereto as Exhibit A (the "Resolutions"), hereby consent to the adoption of the Resolutions without a meeting of the board of directors of the Company to have the same force and effect as if approved by unanimous vote at a formal meeting of the board of directors of the Company duly called and held for the purpose of approving the Resolutions.

IN WITNESS WHEREOF, the undersigned directors of the Company have executed this Written Consent as of May 23, 2016.

_____
Craig Ricato

_____
Michael Mapp

#5150612.3

# UNANIMOUS WRITTEN CONSENT

## OF THE

## BOARD OF DIRECTORS

## OF

## LINC USA GP

The undersigned, being all of the members of the board of directors of Linc USA GP, a Texas general partnership (the "Company"), and, being entitled to vote upon the approval of the resolutions attached hereto as Exhibit A (the "Resolutions"), hereby consent to the adoption of the Resolutions without a meeting of the board of directors of the Company to have the same force and effect as if approved by unanimous vote at a formal meeting of the board of directors of the Company duly called and held for the purpose of approving the Resolutions.

IN WITNESS WHEREOF, the undersigned directors of the Company have executed this Written Consent as of May 23, 2016.

_____
Craig Ricato

_____
Michael Mapp

**Exhibit A**

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF
LINC USA GP**

May 23, 2016

**CHAPTER 11 FILING**

WHEREAS, the Board of Directors (the "Board") has reviewed and discussed the financial and operational condition of Linc USA GP (the "Company") and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current long-term liabilities of the Company, the market for the Company's services, and credit market conditions; and

WHEREAS, the Board has received, reviewed, and discussed the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, after review and discussion and due consideration of all of the information presented to the Board, the Board deems it advisable and in the best interests of the Company, including without limitation, its creditors, employees, stockholders and other investors, stakeholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT, RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

RESOLVED, that the President, Secretary and Vice President – Corporate Development of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

**DEBTOR IN POSSESSION FINANCING**

RESOLVED, that the forms, terms and provisions of debtor in possession financing to fund, among other things, postpetition operating expenses and expenses of administration of the Chapter 11 Cases, in substantially the form summarized for the Board, be, and the same hereby

are in all respects approved, and each of the Authorized Officers is hereby authorized and empowered, in the name of and on behalf of the Company and its subsidiaries, to execute a debtor in possession credit agreement (such executed agreement, the "DIP Credit Agreement") to which the Company or its subsidiaries are parties, each in the form as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and;

RESOLVED, that the Company and its subsidiaries, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Credit Agreement (the "DIP Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

RESOLVED, that any Authorized Officer as designated by the Board, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company and its subsidiaries to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or its subsidiaries or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Credit Agreement (including, without limitation, any amendments, supplements, or modifications to the DIP Credit Agreement and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company or its subsidiaries now or hereafter acquired as contemplated in the DIP Credit Agreement, with full authority to indorse, assign, or guarantee any of the foregoing in the name of the Company or its subsidiaries in each case, as any such Authorized Officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery therefore to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

RESOLVED, that any Authorized Officer as designated by the Board be, and hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company and its subsidiaries, as debtors and debtors in possession, to take such actions and execute and deliver (a) a 13-week cash flow budget; (b) the DIP Credit Agreement and such agreements, certificates, instruments, guaranties, notices and any and all other documents as such Authorized Officers may deem necessary and appropriate to facilitate the financing transactions thereunder (collectively, the "Financing Documents"); (c) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the lenders to the DIP Credit Agreement (collectively, the "DIP Lenders"); and (d) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Credit Agreement or any other Financing Document; and

RESOLVED, that any Authorized Officer as designated by the Board, be, and each of them hereby is, authorized and empowered to authorize the DIP Lenders to file any Uniform

#5150612.3

Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company and its subsidiaries that any DIP Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Credit Agreement, including any such UCC financing statement containing a supergeneric description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and its subsidiaries and such other filings in respect of intellectual and other property of the Company and its subsidiaries, in each case as the DIP Lenders may reasonably request to perfect the security interests of the DIP Lenders under the DIP Credit Agreement; and

RESOLVED, that any Authorized Officer as designated by the Board, be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's and its subsidiaries' obligations under or in connection with the DIP Credit Agreement or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that any Authorized Officer as designated by the Board, be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the Financing Documents which shall in his or her sole judgment be necessary, proper or advisable.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Bracewell LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Bracewell LLP; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Sandler O'Neill + Partners, L.P., as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Sandler O'Neill + Partners, L.P.; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice, claims, and balloting

agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KCC; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and

## APPOINTMENT OF VICE PRESIDENT – CORPORATE DEVELOPMENT

WHEREAS, Jude Rolfes is an employee of the Company and has been designated by the President to serve the Company in various capacities, including chief financial officer for the U.S. oil and gas business, business development manager and most recently as the Vice President – Corporate Development;

WHEREAS, the Board wishes to ratify and confirm the appointment of Jude Rolfes as the Vice President – Corporate Development for the Company, effective as of July 1, 2012.

NOW, THEREFORE BE IT RESOLVED, that the appointment of Jude Rolfes as the Vice President – Corporate Development for the Company, effective as of July 1, 2012 is hereby approved, ratified and confirmed; and further

RESOLVED that that any actions taken by Jude Rolfes, prior to the date hereof are hereby ratified, confirmed, approved and adopted as actions of the Company; and

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all

expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, that Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

#5150612.3

# UNANIMOUS WRITTEN CONSENT

## OF THE

## PARTNERS

## OF

## LINC USA GP

The undersigned, being all of the partners of Linc USA GP, a Texas general partnership (the "Company"), and, being entitled to vote upon the approval of the resolutions attached hereto as Exhibit A (the "Resolutions"), hereby consent to the adoption of the Resolutions without a meeting of the partners of the Company to have the same force and effect as if approved by unanimous vote at a formal meeting of the partners of the Company duly called and held for the purpose of approving the Resolutions.

IN WITNESS WHEREOF, the undersigned partners of the Company have executed this Written Consent as of May 23, 2016.

LINC ENERGY GP1 PTY LTD

_____
Craig Ricato, Director

LINC ENERGY GP2 PTY LTD

_____
Craig Ricato, Director

#5152333.1

**Exhibit A**

**RESOLUTIONS OF THE PARTNERS OF
LINC USA GP**

March 31, 2016

**CHAPTER 11 FILING**

WHEREAS, the Partners (the "Partners") have reviewed and discussed the financial and operational condition of Linc USA GP (the "Company") and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current long-term liabilities of the Company, the market for the Company's services, and credit market conditions; and

WHEREAS, the Partners have received, reviewed, and discussed the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, after review and discussion and due consideration of all of the information presented to the Partners, the Partners deem it advisable and in the best interests of the Company, including without limitation, its creditors, employees, stockholders and other investors, stakeholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT, RESOLVED, that in the judgment of the Partners, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

RESOLVED, that the President, Secretary and Vice President – Corporate Development of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

**DEBTOR IN POSSESSION FINANCING**

RESOLVED, that the forms, terms and provisions of debtor in possession financing to fund, among other things, postpetition operating expenses and expenses of administration of the Chapter 11 Cases, in substantially the form summarized for the Partners, be, and the same hereby

-2-

are in all respects approved, and each of the Authorized Officers is hereby authorized and empowered, in the name of and on behalf of the Company and its subsidiaries, to execute a debtor in possession credit agreement (such executed agreement, the "DIP Credit Agreement") to which the Company or its subsidiaries are parties, each in the form as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and;

RESOLVED, that the Company and its subsidiaries, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Credit Agreement (the "DIP Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

RESOLVED, that any Authorized Officer as designated by the Partners, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company and its subsidiaries to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or its subsidiaries or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Credit Agreement (including, without limitation, any amendments, supplements, or modifications to the DIP Credit Agreement and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company or its subsidiaries now or hereafter acquired as contemplated in the DIP Credit Agreement, with full authority to indorse, assign, or guarantee any of the foregoing in the name of the Company or its subsidiaries in each case, as any such Authorized Officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery therefore to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

RESOLVED, that any Authorized Officer as designated by the Partners be, and hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company and its subsidiaries, as debtors and debtors in possession, to take such actions and execute and deliver (a) a 13-week cash flow budget; (b) the DIP Credit Agreement and such agreements, certificates, instruments, guaranties, notices and any and all other documents as such Authorized Officers may deem necessary and appropriate to facilitate the financing transactions thereunder (collectively, the "Financing Documents"); (c) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the lenders to the DIP Credit Agreement (collectively, the "DIP Lenders"); and (d) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Credit Agreement or any other Financing Document; and

RESOLVED, that any Authorized Officer as designated by the Partners, be, and each of them hereby is, authorized and empowered to authorize the DIP Lenders to file any Uniform

Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company and its subsidiaries that any DIP Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Credit Agreement, including any such UCC financing statement containing a supergeneric description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and its subsidiaries and such other filings in respect of intellectual and other property of the Company and its subsidiaries, in each case as the DIP Lenders may reasonably request to perfect the security interests of the DIP Lenders under the DIP Credit Agreement; and

RESOLVED, that any Authorized Officer as designated by the Partners, be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's and its subsidiaries' obligations under or in connection with the DIP Credit Agreement or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that any Authorized Officer as designated by the Partners, be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the Financing Documents which shall in his or her sole judgment be necessary, proper or advisable.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Bracewell LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Bracewell LLP; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Sandler O'Neill + Partners, L.P., as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Sandler O'Neill + Partners, L.P.; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice, claims, and balloting

agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KCC; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and

## APPOINTMENT OF VICE PRESIDENT – CORPORATE DEVELOPMENT

WHEREAS, Jude Rolfes is an employee of the Company and has been designated by the President to serve the Company in various capacities, including chief financial officer for the U.S. oil and gas business, business development manager and most recently as the Vice President – Corporate Development;

WHEREAS, the Partners wish to ratify and confirm the appointment of Jude Rolfes as the Vice President – Corporate Development for the Company, effective as of July 1, 2012.

NOW, THEREFORE BE IT RESOLVED, that the appointment of Jude Rolfes as the Vice President – Corporate Development for the Company, effective as of July 1, 2012 is hereby approved, ratified and confirmed; and further

RESOLVED that that any actions taken by Jude Rolfes, prior to the date hereof are hereby ratified, confirmed, approved and adopted as actions of the Company; and

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all

expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, that the Partners have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Partners; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

#5152333.1