**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>LINC USA GP, et al.,[1]<br><br>Debtors. | CHAPTER 11<br><br>Case No. 16-32689 (DRJ)<br><br>(Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**LINC ENERGY PETROLEUM (WYOMING), INC. (CASE NO. 16-32694)**

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtor's federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **LINC USA GP, *et al.***[1] | ) | **Case No. 16-32689 (DRJ)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, collectively, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors with the assistance of its advisors and are unaudited. While the Debtors have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtors' books and records may result in material changes to financial data and other information contained in the these Schedules and Statements, and inadvertent errors or omissions may exist.

Moreover, the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in the Schedules and Statements and comprise an integral part of each of the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of rights or admission with respect to the Debtors' chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

1.      **Description of the Cases and "As Of" Information Date.**   On May 29, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition with the Bankruptcy Court for

---

[1] The Debtors in these chapter cases, along with the last four digits of each Debtors' federal tax identification number, are: Linc Energy Finance (USA), Inc. (6684); Linc USA GP (5234); Linc Energy Resources, Inc. (9613); Linc Gulf Coast Petroleum, Inc. (6790); Linc Energy Petroleum (Louisiana), LLC (1074); Linc Alaska Resources, LLC (2362); Paen Insula Holdings, LLC (1681); Linc Energy Petroleum (Wyoming), Inc. (9859); Diasu Holdings, LLC (9626); Diasu Oil & Gas Company, Inc. (8926); and Linc Energy Operations, Inc. (5806).

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") under case numbers 16-32689, 16-32690, 16- 32691, 16-32692, 16-32693, 16-32694, 16-32695, 16-2696, 16-32697, 16-32698, 16-32699. A request to consolidate the cases for procedural purposes only was filed and granted under Case No. 16-32689. The Debtors are currently operating their businesses as debtors in possession pursuant to the Bankruptcy Code. Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in United States currency as of April 30, 2016.  Cash and cash equivalent amounts are stated as the Petition Date.  In some instances, the Debtors have used estimated amounts where actual data as of April 30, 2016 was not available.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between prepetition and postpetition periods.

While reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

2.      **Basis of Presentation.** The Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited books and records. Each Debtor generally maintains its accounting records in accordance with Generally Accepted Accounting Principles ("GAAP") used in the United States.  However, these Schedules and Statements, which are prepared in accordance with the Bankruptcy Code, do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled to any consolidated or unconsolidated financial statements of the Debtors.

3.      **Undetermined Amounts.** The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

4.      **Summary of Significant Reporting Policies.** To close the books and records of the Debtors to prepare the Schedules and Statements, the Debtors were required to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of contingent assets, and the reported revenue and expenses during the reporting period. Actual results could differ from those estimates. Certain receivable and payable amounts listed in the Schedules and Statements are accrued totals and have no bearing on actual recoverable or owed amounts. In addition, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a)      *Debtors.* While separate schedules and statements have been filed for each of the Debtors, to the best of the Debtors' knowledge, information, and belief, not all intercompany balances and interests may be reflected in this manner. Each Debtor's Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to that Debtor's accounting records. Certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.

(b)      *Net Book Value*. Unless otherwise noted, the Schedules and Statements reflect the net book value of the assets and liabilities as listed in the Debtors' books and records as of April 30, 2016, and are not based upon any estimate of their current market values, which

may not correspond to book value. In addition, the amounts shown for certain assets and liabilities are identified as "unknown" or "undetermined" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements.

(c)     *Foreign Currency.* Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(d)     *Paid Claims.* The Debtors have sought and have been granted authority to pay certain outstanding prepetition claims pursuant to certain "first day" motions. The Debtors reserve all rights to file amended Schedules and Statements to reflect payment of certain prepetition claims pursuant to any authority granted to them by the Bankruptcy Court.

(e)     *Intercompany Receivables and Payables.* Each Debtor may have one or more intercompany receivable and/or payable amounts.

(f)     *Insiders.* The Debtors have included in Statements 3 and Statements 30 all payments made during the one year period preceding the Petition Date to any individual deemed an "insider." The Debtors have defined "insider" as any individual that has served as either a corporate officer or director of a Debtor within the one-year period prior to the Petition Date. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

(g)     *Categories or Labels for Purpose of Presentation in Schedules and Statements.* Information requested by the Schedules and Statements requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed. The Debtors' reserve the right to modify, change or delete any information in the Schedules and Statements by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

(h)     *Certain Questions in Statements for Information Relating to a Specified Time Period.* Certain questions in the Statements require to Debtors to present certain information for time periods as long as ten (10) years prior to the Petition Date. Certain of the Debtors were formed less than ten years ago. Thus, in responding to such questions that request information prior to that date, the Debtors have only listed items or transactions from the date of the formation of the companies.

(i)     *Net Operating Losses.* The Debtors may have NOLs in certain taxing jurisdictions the amounts of which are not included in the Statements and Schedules and no estimate of value has been provided.

(j)      *Specific Notes*.  These Global Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities.

5.      **Statements of Assets and Liabilities.**

(a)      **Schedule A/B –** *Real and Personal Property*

(i)      *Scheduling*. Certain personal property of the Debtors could arguably be listed in response to more than one Schedule B question. In such cases, the Debtors have endeavored to list such property once in the most appropriate category.

(ii)      *Stocks and Interest in Incorporated and Unincorporated Businesses.* Certain of the Debtors have ownership interests in other Debtors. All equity ownership of other Debtors affiliates are listed in Part 4 of Schedule A/B.

(iii)      *Accounts Receivable.* Trade accounts receivable are listed on supporting in Part 3 of Schedule A/B and are shown net of the applicable allowance for uncollectable accounts.

(iv)      *Causes of Action and Other Contingent or Unliquidated Amounts Owed Debtor*.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action not listed in Part 11 of Schedule A/B.

(v)      *Office Furniture, Fixtures, and Equipment; and Collectibles.* Assets listed in Part 7 of Schedule A/B for the various Debtors are reflected at net book value. Such amounts may not approximate fair market value for such assets.  Certain office equipment, furnishings, and supplies may not be listed if the amounts attributed thereto are *de minimis*.

(vi)      *Property and Equipment-Leased.* In the ordinary course of their businesses the Debtors lease real property.  The Debtors have endeavored to set forth all such leases in the Schedules and Statements. The property subject to leases is listed on Schedule G. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such issues.

(vii)      *Insurance Policies.* The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company. The Debtors do not maintain any insurance policies on any of their key executives whereby the Debtors are named beneficiaries.

(b)      **Schedule D** - *Creditors Holding Secured Claims*. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the

#5164726.1

structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. All claim amounts listed in the Schedules and Statements are based upon information as of May 29, 2016. The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claims set forth in Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

(c)     **Schedule E** – *Creditors Holding Unsecured Priority Claims*. The listing of a claim on a Debtor's Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code and does not constitute a waiver of the Debtors' right to recharacterize or reclassify such claim.  All claim amounts listed in the Schedules and Statements are based upon information as of June 7, 2016. The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

(d)     **Schedule F** – *Creditors Holding Unsecured Nonpriority Claims.* Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While best efforts have been made, the determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Certain creditors listed on Schedule F may be able to assert a secured or priority claim due to the existence of valid mechanic and materialmens' liens. In these Schedules, the Debtors have made no attempt to identify or quantify such liens. The Debtors expressly reserve all rights to challenge any filed liens. All claim amounts listed in the Schedules and Statements are based upon information as of June 7, 2016. The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

(e)     **Prepetition Obligations.** The Bankruptcy Court granted (or has been asked to grant) the Debtors authority to pay certain prepetition obligation in the ordinary course of business. Numerous general unsecured claims that are listed on Schedule E may be satisfied pursuant to such orders. Certain creditors may owe amounts to the Debtors and may have valid setoff and recoupment rights with respect to such amounts. The Debtors have not reviewed the validity of any such setoff rights and hereby reserve all rights to challenge such setoff and

recoupment right and the Debtors expressly reserve any right to challenge the creditor's right to setoff, recoup or net amounts owed against amounts that may be owed to the Debtors.

(f)     **Pending Litigation**. Schedule F contains information regarding pending litigation involving the Debtors. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed.

(g)     **Disputed, Contingent and/or Unliquidated Claims**. Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status.

(h)     **Schedule G** – *Executory Contract and Unexpired Leases*. The businesses of the Debtors are complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Schedule G does not include stand-alone purchase orders. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. **The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.** The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

6.     **Statement of Financial Affairs**

(a)     *Various Statements.* Certain questions in the Statements request the Debtors to provide information for a certain time period prior to the Petition Date. Unless otherwise noted herein or elsewhere in the Statements, information provided by the Debtors is through May 29, 2016.

(b)     *Statement Part 2 – List Certain Transfers Made Before Filing for Bankruptcy*. All payments and transfers to creditors during the 90-day and one-year periods prior to the Petition Date are presented in the response to Statement Questions 3 and 4 for each Debtor, as applicable.

(c)     *Part 3 – Legal Actions or Assignments*. Statement Part 3, Question 7 contains information regarding threatened, pending, and settled litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor.  However, because in many instances the Debtor that is the subject of the litigation is unclear or undetermined, the reader should review Statement Part 3, Question 7 as well as Schedule F of each Debtor for a complete understanding of the litigation involving the Debtors.

#5164726.1

**Fill in this information to identify the case:**

Debtor Name: In re : Linc Energy Petroleum (Wyoming), Inc.

United States Bankruptcy Court for the: Southern District Of Texas

Case number (if known): 16-32694 (DRJ)

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 7/1/2015<br>MM / DD / YYYY | to   Filing date | ☑ Operating a business<br>☐ Other _____ | $ 1,165,146.00 |
| **For prior year:** | From 7/1/2014<br>MM / DD / YYYY | to 6/30/2015<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 2,829,056.00 |
| **For the year before that:** | From 7/1/2013<br>MM / DD / YYYY | to 6/30/2014<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other _____ | $ 4,619,720.00 |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*:  16-32694

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM / DD / YYYY | to | Filing date | _____ | $ _____ |
| **For prior year:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM / DD / YYYY | to | _____ MM / DD / YYYY | _____ | $ _____ |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Case number *(if known):*  16-32694

Name

---

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐ Secured debt |
| | Creditor's Name | | | ☐ Unsecured loan repayments |
| | | | | ☐ Suppliers or vendors |
| | Street | | | ☐ Services |
| | | | | ☐ Other _____ |
| | City      State      ZIP Code | | | |
| | Country | | | |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | See SOFA 4 Attachment | | $ | |
| | Insider's Name | | | |
| | Street | | | |
| | City      State      ZIP Code | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |
| | | | | |

---

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Case number *(if known)*:  16-32694

Name

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ Creditor's Name _____ Street _____ _____ City    State    ZIP Code _____ Country |  | _____ | $ _____ |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ Creditor's Name _____ Street _____ City    State    ZIP Code _____ Country | Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.
_____
         Name

Case number *(if known):*  16-32694
_____

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|------------|----------------|-----------------------------------|----------------|
| 7.1 | | | ☐ Pending |
| | | Name | ☐ On appeal |
| **Case number** | | | ☐ Concluded |
| | | Street | |
| | | City        State        ZIP Code | |
| | | Country | |

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the Property | Value |
|------------------------------|----------------------------|-------|
| 8.1 | | $ |
| Custodian's name | | **Court name and address** |
| Street | **Case title** | Name |
| City        State        ZIP Code | **Case number** | Street |
| Country | **Date of order or assignment** | City        State        ZIP Code |
| | | Country |

Debtor: Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*: 16-32694

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9.** **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | $ |
| Creditor's Name | | | |
| Street | | | |
| City                State           ZIP Code | | | |
| Country | | | |
| **Recipient's relationship to debtor** | | | |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.                                    Case number *(if known)*:  16-32694

Name

---

| Part 5: | Certain Losses |
|---|---|

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | $ |

Debtor: Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*: 16-32694

---

| Part 6: | Certain Payments or Transfers |

**11.   Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12.   Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |
| | **Trustee** | | | |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*:  16-32694

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

13.1  _____

$ _____

**Address**

_____
Street

_____

_____
City                    State            ZIP Code

_____
Country

**Relationship to Debtor**

_____

Debtor: Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*: 16-32694

---

| Part 7: | Previous Locations |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1  1000 Louisiana, Suite 1500 | From  03/2012    To  05/2016 |
| Street | |
| | |
| Houston          TX          77002 | |
| City          State          ZIP Code | |
| | |
| Country | |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.                         Case number *(if known)*   16-32694

Name

---

| **Part 8:** | **Health Care Bankruptcies** |

**15.  Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| **Facility Name and Address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|

15.1

Facility Name

| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
|---|---|---|

Street

*Check all that apply:*

☐ Electronically

☐ Paper

City          State          ZIP Code

Country

---

Debtor:  Linc Energy Petroleum (Wyoming), Inc.                                    Case number *(if known)*:    16-32694

Name

---

| **Part 9:** | **Personally Identifiable Information** |

**16.  Does the debtor collect and retain personally identifiable information of customers?**

☑  No.

☐  Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐  No

☐  Yes

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑  No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐  No. Go to Part 10.

☐  Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

Has the plan been terminated?

☐  No

☐  Yes

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*   16-32694

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | | XXXX- | ☐ Checking | | $ |
| | Name | | ☐ Savings | | |
| | | | ☐ Money market | | |
| | Street | | ☐ Brokerage | | |
| | | | ☐ Other _____ | | |
| | City            State            ZIP Code | | | | |
| | Country | | | | |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | **Address** | | |
| | City            State            ZIP Code | | | |
| | Country | | | |

Debtor: Linc Energy Petroleum (Wyoming), Inc.

Case number *(if known):*    16-32694

Name

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑  None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 _____ <br> Name <br><br> _____ <br> Street <br><br> _____ <br> City          State          ZIP Code <br><br> _____ <br> Country | | **Address** <br> _____ | ☐ No <br><br> ☐ Yes |

Debtor: Linc Energy Petroleum (Wyoming), Inc.

Case number *(if known)*: 16-32694

Name

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1 | | | | $ |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City            State            ZIP Code | | | |
| | Country | | | |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.                          Case number *(if known)*   16-32694
         Name

---

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No

☑ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | Notice of Potential Violation South Cole Creek 7-D Battery, Converse County, Wyoming | U. S. E.P.A. | Inadequate SPCC Plan | ☐ Pending |
| | **Case Number** | Name | | ☐ On appeal |
| | | 1595 Wykoop St. | | ☑ Concluded |
| | | Street | | |
| | | | | |
| | | Denver          CO          80202-1129 | | |
| | | City          State          ZIP Code | | |
| | | | | |
| | | Country | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☐ No

☑ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | South Cole Creek 7-D | U.S. E. P. A. | 40 C. F. R. Part 112 | July, 2013 |
| | Name | Name | | |
| | Battery, Converse County, Wyoming | 1595 Wykoop St. | | |
| | Street | Street | | |
| | | | | |
| | City          State          ZIP Code | Denver     CO     80202-1129 | | |
| | | City     State     ZIP Code | | |
| | Country | Country | | |

Debtor:   Linc Energy Petroleum (Wyoming), Inc.
_____

Case number *(if known)*:   16-32694
_____

Name

**24.   Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City          State          ZIP Code | City          State          ZIP Code | | |
| Country | Country | | |

Debtor:   Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*:   16-32694

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

**25.   Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | EIN: |
| Name | | **Dates business existed** |
| Street | | From _____ To _____ |
| City          State          ZIP Code | | |
| Country | | |

**26.   Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26a.1   See SOFA 26a Attachment | From _____   To _____ |
| Name | |
| Street | |
| City                    State                    ZIP Code | |
| Country | |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of service |
|---|---|
| 26b.1   KPMG, LLP | From  7/1/2009   To  Current |
| Name | |
| 811 Main Street #4500 | |
| Street | |
| Houston                    TX                    77002 | |
| City                    State                    ZIP Code | |
| Country | |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Name

Case number *(if known)*   16-32694

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Chris Rasmussen | |
| Name | |
| 1829 East Winfree Road | |
| Street | |
| Baytown                    TX              77523 | |
| City                           State          ZIP Code | |
| Country | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2 Mitchell Cash | |
| Name | |
| 1829 East Winfree Road | |
| Street | |
| Baytown                    TX              77523 | |
| City                           State          ZIP Code | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |
| Name |
| Street |
| City                           State          ZIP Code |
| Country |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor:  Linc Energy Petroleum (Wyoming), Inc.                    Case number *(if known)*:   16-32694

Name

**27.  Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
|  |  | $ |

|  | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | |
| | Name |
| | Street |
| | City          State          ZIP Code |
| | Country |

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

|  | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Michael Mapp | 1829 East Winfree Road, Baytown, TX, 77523 | President & Director | 0 |
| 28.2 | Gerry Agranoff | 1829 East Winfree Road, Baytown, TX, 77523 | Secretary | 0 |
| 28.3 | Craig Ricato | 40 Cameron St., Windsor, Brisbane, Queensland, 4030, Australia | Director | 0 |
| 28.4 | Linc Gulf Coast Petroleum, Inc. | 1829 East Winfree Road, Baytown, TX, 77523 | | 100 |

**29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members  in  control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

|  | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | | | | From          To |

Debtor:  Linc Energy Petroleum (Wyoming), Inc.

Case number *(if known)*:  16-32694

Name

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |
| | | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1  Linc USA GP | EIN:  46-1025234 |

Dates: 7/1/2012-Current

| | |
|---|---|
| 31.2  Linc Energy (USA) | EIN:  80-0465792 |

Dates: 8/11/2009-6/30/2012

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

**In re: Linc Energy Petroleum (Wyoming), Inc.**
**Case No. 16-32694**
Attachment 4
Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's name | Address 1 | Address 2 | City | State | Zip | Country | Date | Total amount or value | Reasons for payment or transfer | Relationship to debtor |
|---|---|---|---|---|---|---|---|---|---|---|
| Linc Gulf Coast Petroleum, Inc. | 23501 Cinco Ranch Blvd. | Suite H120-915 | Katy | TX | 77494 | | Various | $326,000.00 | Cash transfers | |
| Linc Energy Operations, Inc. | 23501 Cinco Ranch Blvd. | Suite H120-915 | Katy | TX | 77494 | | Various | $163,000.00 | Cash to pay invoices | |
| Linc Alaska Resources | 23501 Cinco Ranch Blvd. | Suite H120-915 | Katy | TX | 77494 | | Various | $185,000.00 | Cash transfers | |
| Diasu Oil and Gas, Inc | 23501 Cinco Ranch Blvd. | Suite H120-915 | Katy | TX | 77494 | | Various | $225,000.00 | Cash transfers | |

**In re: Linc Energy Petroleum (Wyoming), Inc.**
**Case No. 16-32694**
Attachment 26a
Books, records and financial statements - Accountants and bookkeepers

| Name | Address 1 | City | State | Zip | Dates of service |
|------|-----------|------|-------|-----|------------------|
| Chris Rasmussen | 1829 East Winfree Road | Baytown | TX | 77523 | From 10/1/2011 To Current |
| Mitchell Cash | 1829 East Winfree Road | Baytown | TX | 77523 | From 8/19/2013 To Current |
| Lindsay Lawrence | 1829 East Winfree Road | Baytown | TX | 77523 | From 11/4/2013 To Current |
| Dorothy Baker | 1829 East Winfree Road | Baytown | TX | 77523 | From 6/30/2014 To Current |
| Bryan Pfeffer | 1829 East Winfree Road | Baytown | TX | 77523 | From 7/29/2015 To Current |
| Connie Matt | 1829 East Winfree Road | Baytown | TX | 77523 | From 10/1/2011 To 2/2/2015 |
| Annie Montgomery | 1829 East Winfree Road | Baytown | TX | 77523 | From 6/4/2012 To 11/3/2015 |
| D'Juana Munoz | 1829 East Winfree Road | Baytown | TX | 77523 | From 8/26/2013 To 3/1/2016 |
| Catherine Moore | 1829 East Winfree Road | Baytown | TX | 77523 | From 11/4/2013 To 5/8/2014 |

**Part 14:    Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in

connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/13/2016
                       MM / DD / YYYY

✗ _____                    Printed name    Jude Rolfes
    Signature of individual signing on behalf of the debtor

    Position or relationship to debtor    Vice President - Corporate Development

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐    No

☑    Yes